IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:99-CR-96-BO-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| EDWARD ANTHONY BARTON | ) | |

This matter is before the Court on Defendant's Motion for an Addendum to the Presentence Report [DE 134] and the United States' Motion to Recharacterize Petitioner's Motion as a Successive Motion to Vacate [DE 151].

## BACKGROUND

On April 3, 2000, Defendant Edward Barton pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute a controlled substance [DE 65]. On September 26, 2000, the Court sentenced Mr. Barton to 235 months' imprisonment [DE 77]. On October 31, 2001, the Fourth Circuit affirmed the Court's judgment [DE 86]. Defendant filed a motion pursuant to 28 U.S.C. § 2255 on October 25, 2002 [DE 90], and this Court denied that motion on January 30, 2003 [DE 94]. The Fourth Circuit dismissed Mr. Barton's appeal on January 23, 2004 [DE 101].

## DISCUSSION

Although Mr. Barton characterized his Motion as arising under Federal Rule of Criminal Procedure 32, he seeks post-conviction relief that can only be granted pursuant to 28 U.S.C. § 2255 because he wishes to "vacate, set aside, or correct" this Court's original judgment. Mr.

Barton has already filed an unsuccessful motion under 28 U.S.C. § 2255 and he does not allege any reason why the claimed error in the presentence report could not have been discovered before the filing of his first motion to vacate. Therefore, the instant Motion is a successive petition under section 2255 and it is therefore dismissed under section 2255 (h). *United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005). Generally, a court must notify a petitioner before recharacterizing a motion as being subject to section 2255's requirements. *Castro v. United States*, 540 U.S. 375 (2003). However, this "notice before recharacterization" requirement does not apply to situations in which a petitioner has already had a previous section 2255 motion dismissed on the merits. *United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005); *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002).

Even if the Court were to consider this Motion under Rule 32, as Mr. Barton requests, the time period during which Mr. Barton could have objected to the contents of the presentence report expired fourteen days after the report was received. Fed. R. Crim. P. 32 (f).

## CONCLUSION

For the foregoing reasons, the United States' Motion to Recharacterize Petitioner's Motion as a Successive Motion to Vacate [DE 151] is GRANTED, and Defendant's Motion for an Addendum to the Presentence Report [DE 134] is DENIED.

SO ORDERED, this the _12_ day of September, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE